UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LEE BONGA,

              Case No. 2:16-cv-13685
    Plaintiff,       Judge Sean F. Cox
v.             Magistrate Judge Anthony P. Patti

BADAWI ABDELLATIF,
WILLIAM C. BORGERDING,
KENNETH JORDAN,
VICTOR L. DOMINGUEZ-BEM,
KYLE W. PLOEN and
MARGARET A. OUELLETTE,

    Defendants.
_____/

## SUPPLEMENTAL ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY HIS OCTOBER 13, 2016 MOTION FOR PRELIMINARY INJUNCTION (DE 3) HAS NOT BEEN RENDERED MOOT BY HIS TRANSFER

On October 13, 2016, while incarcerated at the Michigan Department of Correction's (MDOC's) Alger Correctional Facility (LMF) in Munising, Michigan, Jeffrey Lee Bonga (#271635) filed the instant lawsuit against 6 defendants. Therein, Plaintiff identifies Defendant Abdellatif as located at the MDOC's Macomb Correctional Facility (MRF) and Defendants Jordan, Dominguez-Bem, Ploen and Ouellette as located at the MDOC's Lakeland Correctional Facility

1

(LCF).  Plaintiff does not provide a location for Defendant Borgerding.  (*See* DE 1 ¶¶ 8-13.)[1]

Judge Cox has referred this case to me for all pretrial proceedings.  (DE 9.)  Currently before the Court is Plaintiff's October 13, 2016 motion for preliminary injunction, wherein he requests that the Court order "defendants, their agents, employees and others working in concert with them to immediately approve and dispense to Plaintiff the medications:  Neuro[n]tins, Ultrams, and Pamelor for the treatment of plaintiff's serious medical needs[,]" such as his vertebrae injuries.  (DE 3 at 1, 5.)

At the time Plaintiff filed his motion for injunctive relief, he was incarcerated at LMF.  He has since been transferred to the MDOC's St. Louis Correctional Facility (SLF).  (DE 10; *see al*so www.michigan.gov/corrections, "Offender Search.")  Several opinions from the Sixth Circuit discuss how claims for injunctive relief may be rendered moot by an inmate's transfer from one prison to another.  *See, i.e., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."), *Colvin v. Caruso*, 605 F.3d 282 (6th Cir. 2010), *Cardinal v. Metrish*, 564 F.3d 794 (6th Cir. 2009).

---

[1] Two of the defendants (Borgerding and Jordan) have yet to appear.

Accordingly, no later than **Monday, March 20, 2017**, Plaintiff **SHALL** show cause in writing as to why his motion for preliminary injunction (DE 3) has not been rendered moot by his transfer.[2]  Defendants will be given an opportunity to respond, after which the Court will issue a report and recommendation for the district judge's consideration.  The Court will separately address Plaintiff's complaint (DE 1) and any related, responsive pleadings.

    **IT IS SO ORDERED.**


Dated: February 21, 2017          s/Anthony P. Patti
                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on February 21, 2017, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti

---

[2] The Court entered an initial show cause order on January 11, 2017.  (DE 16.)  However, the copy mailed to Plaintiff at SLF was returned as undeliverable.