UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LEE BONGA,

        Plaintiff,

v.

BADAWI ABDELLATIF,
M.D., et al.,

        Defendants.

_____/

Case No. 2:16-cv-13685
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION (DE 3, DE 30)

**I.**     **RECOMMENDATION**:  The Court should deny Plaintiff's October 13,

2016 motion for preliminary injunction (DE 3) and May 1, 2017 motion for

preliminary injunction (DE 30) without prejudice.

**II.**     **REPORT**

    **A.**     **Plaintiff brings this lawsuit against six defendants.**

Plaintiff Jeffrey Lee Bonga (#271635) is currently incarcerated at the

Michigan Department of Corrections (MDOC) St. Louis Correctional Facility

(SLF).  (DE 26 at 4.)  On October 13, 2016, while incarcerated at the MDOC's

Alger Correctional Facility (LMF) in Michigan's upper peninsula, Plaintiff filed

the instant lawsuit, *pro se,* against six defendants:  **(1-4)** Kenneth Jordan, Victor

Dominguez-Bem, M.D., Kyle Ploehn, P.A., and Margaret Ouellette, P.A., each of Lakeland Correctional Facility (LCF); **(5)** Badawi Abdellatif, M.D., of Macomb Correctional Facility (MRF) and **(6)** William C. Borgerding, whose location is not provided. (DE 1 ¶¶ 8-13; *see also* DE 11, DE 17.)

The facts underlying Plaintiff's complaint begin with the alleged events of 2009 – continue through his March 2015 transfer from LCF to MRF, through his May 2016 transfer to Muskegon Correctional Facility (MCF), and through his July 2016 transfer to LMF – and conclude during September 2016. (DE 1 ¶¶ 20-38.) Plaintiff sues Defendants in their individual and official capacities, alleging "denial of medical care." (DE 1 ¶¶ 14-19, 39-46.) He seeks declaratory, injunctive, compensatory and punitive relief. (DE 1 at 13.)[1]

B.    **The four defendants who have appeared are not represented by the Attorney General of the State of Michigan.**

Appearances of counsel have been entered on behalf of Defendants Abdellatif, Dominguez-Bem, Ouellette and Ploehn. (DEs 11, 12, 15, 17, 19, 20; *see also* DEs 13, 14, 18.) These defendants are represented by private counsel.

---

[1] Attached to Plaintiff's complaint is a letter to the Clerk of the Court, in which Plaintiff claims he has submitted, among other things, a motion for appointment of counsel and a memorandum of law in support thereof. (DE 1 at 32.) However, such a motion does not appear to be part of the record, as the only items filed along with the complaint (DE 1) were Plaintiff's motion to proceed *in forma pauperis* (DE 2) and the instant motion for preliminary injunction (DE 3).

Thus, the Court assumes they are employees of Corizon Health, as opposed to MDOC employees.

To date, Defendants Jordan and Borgerding have not appeared. For the reasons stated in my April 26, 2017 order, the USM has been directed to re-attempt service upon Jordan (in care of Corizon Health) and Borgerding (in care of MDOC). (DE 28.) On May 2, 2017, the USM acknowledged receipt of documents for service of process upon these defendants. (DE 31, DE 32.)

**C.     The only pending matters are Plaintiff's motions for injunctive relief.**

Judge Cox has referred this case to me for all pretrial proceedings. Currently before the Court are: **(1)** Plaintiff's October 13, 2016 motion for preliminary injunction (DE 3), regarding which show cause orders and a resulting response were filed (DEs 16, 21, 23, 24);[2] and, **(2)** Plaintiff's May 1, 2017 motion for preliminary injunction (DE 30).

**D.     Standard**

"'The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th

---

[2] On January 11, 2017, I entered an order requiring Plaintiff to show cause as to why his October 13, 2016 motion for preliminary injunction had not been rendered moot by what appears to have been his December 2016 transfer to SLF. (DE 16; *see also* DE 10.)   Plaintiff filed his response on March 15, 2017. (DE 24.)

Cir. 2007) (quoting *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981)). The

Court considers four (4) factors when deciding whether to issue a preliminary

injunction:

> (1)    whether the movant has a "strong" likelihood of success on the
>        merits;
>
> (2)    whether the movant would otherwise suffer irreparable injury;
>
> (3)    whether issuance of a preliminary injunction would cause
>        substantial harm to others; and
>
> (4)    whether the public interest would be served by issuance of a
>        preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (quotations and citation

omitted); *see also Newsome v. Norris*, 888 F.2d 371, 373 (6th Cir. 1999).[3] "These

factors are to be balanced against one another and should not be considered

prerequisites to the grant of a preliminary injunction." *Leary*, 228 F.3d at 736.[4]

A preliminary injunction "is an extraordinary remedy never awarded as of

right." *Winter,* 555 U.S. at 24. "[T]he proof required for the plaintiff to obtain a

preliminary injunction is much more stringent than the proof required to survive a

---

[3] Or, as the Supreme Court has more prosaically stated it, "A plaintiff seeking a
preliminary injunction must establish that he is likely to succeed on the merits, that
he is likely to suffer irreparable harm in the absence of preliminary relief, that the
balance of equities tips in his favor, and that an injunction is in the public interest."
*Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008).

[4] *See also, Certified Restoration Dry-Cleaning Network, L.L.C.,* 511 F.3d at 542
(6th Cir. 2007) ("These four considerations are 'factors to be balanced, not
prerequisites that must be met.'") (internal citations omitted).

summary judgment motion . . . ." *Leary*, 228 F.3d at 739. "[T]he preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Id.* at 739 (quotations and citation omitted).

Moreover, "[A] federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law." *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 313 (1982). "[T]he federal equity court in fashioning a remedy must afford relief which is 'no broader than necessary to remedy the constitutional violation'." *Kendrick v. Bland*, 740 F.2d 432, 437 (6th Cir. 1984) (quoting *Newman v. State of Alabama,* 683 F.2d 1312, 1319 (11th Cir.1982)).

E.    **Analysis**

1.    **Plaintiff's allegations against Defendants span a period of time when Plaintiff was incarcerated at multiple MDOC facilities.**

According to Plaintiff, he underwent a "cervical 5 through 7 anterior fusion" in 2012. (DE 1 ¶ 24; DE 3 at 3.) Plaintiff's claims against Defendants Jordan, Ploehn, Ouellette and Dominguez-Bem appear to relate to treatment for Plaintiff's back pain at LCF during February 2013, May 2013, August 2013, March 2014 and February 2015. (DE 1 ¶ 26.) Plaintiff's claims against Defendant Abdellatif appear to relate to the events of March, April, July and August 2015 at MRF. (DE

1 ¶¶ 28-29.)  Finally, Plaintiff's claims against Defendant Borgerding appear to relate to the events of September 2016 while Plaintiff was incarcerated at LMF. (DE 1 ¶ 38).

### 2. Plaintiff's transfer to SLF has mooted his first request for injunctive relief as to the five MRF and LCF defendants.

"A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility." *Parks v. Reans*, 510 F.App'x 414, 415 (6th Cir. 2013); *see Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."); *see also, Cardinal v. Metrish*, 564 F.3d 794, 798 (6th Cir. 2009), *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010).

Plaintiff's complaint having identified Defendant Abdellatif as located at MRF, and Defendants Jordan, Dominguez-Bem, Ploehn, and Ouellette as located at LCF, Plaintiff's transfer to SLF appears to have mooted Plaintiff's claims for injunctive relief as to these five defendants.  (DE 1 ¶¶ 8, 10-13.)

### 3. Plaintiff's transfer to SLF has not mooted his first request for injunctive relief as to Defendant Borgerding, who appears to be associated with the MDOC's Pain Management Committee.

Plaintiff's complaint does not provide a location for Defendant Borgerding, although it suggests he is associated with the Pain Management Committee (PMC), which is "a three-member body and part of the MDOC." *Maxwell v. Corr. Med.*

*Servs., Inc.*, 538 F. App'x 682, 685 (6th Cir. 2013). Consistently, as acknowledged in my April 26, 2017 order, it appears that Borgerding may be an MDOC employee (as opposed to a Corizon Health employee). (DE 28.)

Thus, the Court must delve further to determine whether Plaintiff's request for injunctive relief against Defendant Borgerding has been mooted by Plaintiff's transfer to SLF. Among the relief Plaintiff seeks in his complaint is an injunction requiring "Defendants Corizon Health, Inc., Borgerding, and/or their agents" to:

1.    Immediately approve and dispense to Mr. Bonga the medications [Neurontin], Ultram[], and Pamelor.

2.    Immediately arrange for the plaintiff to undergo MRI testing of his entire vertebra;

3.    Immediately arrange for the consultation of a neurosurgeon for the proper treatment for all of plaintiff's vertebral injuries;

4.    Carry out without delay the treatment directed by such medical providers.

(DE 1 at 13 ¶ B.) In his simultaneously filed motion for preliminary injunction, filed during his incarceration at LMF, Plaintiff reiterates the first of these requests for injunctive relief, explaining that it is "for the treatment of [his] serious medical needs." (DE 3 at 1.) In addition, Plaintiff seeks "further diagnostic testing of [his] entire vertebrae." (DE 3 at 2.)

In his motion, Plaintiff claims that, while he was incarcerated at MRF, Dr. Schmidt requested PMC's "referral," which seemingly resulted in Borgerding's

7

recommendation of "Tylenol up to 2 grams a day, formulary NSAID of choice to max dose; self massage, heat, ROM and stretching exercises; and encouraged walking up to 20-40 minutes a day." This, Plaintiff contends, exacerbated rather than relieved his back pains. (DE 3 at 3-4.) Plaintiff was subsequently transferred to MCF and, on May 18, 2016, he underwent x-rays at Earnest C. Brooks Correctional Facility (LRF). Plaintiff claims that review of these x-rays resulted in a request for consult by a neurosurgeon, as well as Neurontin and Pamelor medications; however, such requests were denied, and an MRI of the lumbar region only was approved. (DE 3 at 4.) Plaintiff claims he meets each of the four preliminary injunction criteria. (DE 3 at 5-7.) Finally, Plaintiff argues he "should not be required to post security[.]" (DE 3 at 8.)

Plaintiff's show cause response acknowledges that Defendant Borgerding may be an MDOC employee, as he is located in Lansing, Michigan and is a member of the PMC. (DE 24 at 2-4.) In arguing that his transfer from LMF to SLF does not render moot his request for injunctive relief, Plaintiff specifically states:

> The Defendant relevant for the instant motion for preliminary injunctive relief is Dr. Borgerding. Dr. Borgerding denied plaintiff the medications above mentioned. Dr. Borgerding is a member of the MDOC's Pain Management Committee (PMC). The PMC's jurisdiction is the entire MDOC population. No matter where Plaintiff is transferred to, he is under the jurisdiction of the PMC. Thus, Plaintiff's motion for preliminary injunction has not been rendered moot by his transfer from LMF to SLF.

(DE 24 at 2-3.)  Moreover, Plaintiff contends that as recently as January 12, 2017,

he underwent a laminectomy on his L5 and "had two screws placed in his L4, L5,

and S1 . . . to fuse the three vertebrae together."  According to Plaintiff, on March

1, 2017, Dr. Rawls of Allegiance Hospital in Jackson, Michigan, "recommended to

increase [his] [Neurontin] medication to 200mg and if necessary 300mg three

times a day.  To date, Mr. Bonga has not seen this increase in dosage."  (DE 24 at

5.)  Meanwhile, Plaintiff further claims that his thirty day prescription for

Neurontin has run out and "he has not had them renewed []or increased as

recommended by Dr. Rawls."  (DE 24 at 5-6.)

Although Plaintiff is no longer incarcerated at the institutions which were

the subject of the allegations within his complaint (LCF, MRF, LMF), he has

convincingly argued that Defendant Borgerding – apparently of the MDOC's PMC

- still has control over the injunctive, medical relief he seeks in his current location

(SLF).  *See Colvin*, 605 F.3d at 296.  To be sure, for the purposes of this motion,

the Court does not cast judgment on Plaintiff's claim that, "[i]f [his] L5 gets worse,

paralysis may result[;]" nor does the Court take lightly Plaintiff's claim that

Defendants have "purposefully ignored [his] pain and medical needs . . . ."  (DE 3

at 6.)  As Plaintiff aptly cites, "a prisoner states a proper cause of action when he

alleges that prison authorities have denied reasonable requests for medical

treatment in the face of an obvious need for such attention where the inmate is

thereby exposed to undue suffering or the threat of tangible residual injury."

*Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976) (footnote omitted).

Nonetheless, it appears that the relief Plaintiff seeks – provision of certain

prescriptions - can only be accomplished by the MDOC or one of its agents.

Moreover, Defendant Borgerding has yet to appear.  At this time, it appearing that

the only MDOC defendant in this case is Borgerding, who has yet to appear, the

Court should deny Plaintiff's first motion for injunctive relief without prejudice.

> **4.      Plaintiff's second request for injunctive relief was not
> mooted by his transfer to SLF, but it seeks relief only the
> MDOC may provide.**

Plaintiff's May 1, 2017 motion for preliminary injunction was filed while he

was incarcerated at SLF.  In sum, Plaintiff seeks an order requiring Defendants,

their agents, employees and others working in concert with them "to immediately

return all of Plaintiff's legal material that was confiscated from him on November

29, 2017 . . . [,]" when he was transferred from LMF to SLF.  (DE 30 at 1.)

Specifically, Plaintiff claims he is "currently being denied access to the

courts by prison staff and their agents."  (DE 30 at 3.)  Plaintiff mentions March

2017 deadlines he had in the instant case, such as the March 20, 2017 deadline to

file his show cause response.  (DE 30 at 4, DE 21.)  According to Plaintiff, he is

entitled to preliminary injunctive relief in the form of return of his excess legal

property, because Defendants are retaliating against him and denying him access to

the courts. (DE 30 at 5-8.) With seeming reference to the period between the

alleged November 29, 2016 confiscation of the subject materials and the May 1,

2017 filing of his request for injunctive relief, Plaintiff claims he has been "denied

his legal property for over 144 days[.]" In addition to characterizing his

underlying lawsuit as alleging that defendants "purposefully ignored plaintiff's

pain and medical needs," Plaintiff also contends that "confiscating an inmate[']s

legal papers and other property constitutes sufficient injury to support a First

Amendment retaliation claim." (DE 30 at 7.) Plaintiff further argues that he does

not have to exhaust administrative remedies as to this request for preliminary

injunction, nor should he be required to post security. (DE 30 at 8-9.)

It is clear that Plaintiff's transfer to SLF does not moot his request for

injunctive relief as to actions which allegedly took place at this same facility –

here, the allegation that an SLF official or officials confiscated certain of Plaintiff's

legal materials.[5] However, even if Plaintiff is still without the materials in

question, and assuming *arguendo* that he has a right to the return of the confiscated

---

[5] Attached to Plaintiff's motion are copies of: **(a)** a September 1, 2016 notice of
intent to conduct an administrative hearing, issued by C/O C. Shaw of SLF,
regarding certain confiscated items (DE 30 at 20-21); **(b)** a March 2, 2017 letter to
the SLF Hearing Investigator regarding Plaintiff's hearing on legal material (DE 30
at 13); **(c)** a March 10, 2017 MDOC Memorandum, witnessed by Hearings
Investigator L. Scott, that a hearing was scheduled for March 22, 2017 (DE 30 at
19); and, **(d)** Grievance Identifier SLF-2017-03-0283-07E, which was received at
Step I on March 27, 2017, including an extension of the Step I response date from
April 17, 2017 to May 8, 2017 (DE 30 at 15-18). Thus, as Plaintiff himself admits,
he is "in the process of exhausting this issue . . . ." (DE 30 at 8.)

materials, the Court is not currently in a position to order such relief.  None of the

defendants who have appeared seems to be an employee of the MDOC.  Moreover,

based upon the discussion contained within my April 26, 2017 order (DE 28), it

appears that the only MDOC defendant in this case is Borgerding, who is a medical

doctor.  In other words, it seems that the only *currently named* MDOC defendant

in this case has yet to appear and, in any event, would not have control over

Plaintiff's confiscated materials.  Accordingly, his  second motion for injunctive

relief should be denied.

## F.     Conclusion

In sum, the Court should conclude that Plaintiff's first motion for

preliminary injunction has either been mooted by Plaintiff's transfer, or, to the

extent it has not been mooted, seeks relief from a defendant who has yet to appear

in this case.  Moreover, with respect to the injunction he seeks for the return of his

legal materials, he has failed to name a party who would have control over the

property in question.  Accordingly, Plaintiff's October 13, 2016 motion for

preliminary injunction (DE 3) and May 1, 2017 motion for preliminary injunction

(DE 30) should be denied.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 10, 2017

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

13

## CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 10, 2017.


             s/Marlena Williams
             In the absence of Michael Williams
             Case Manager