UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jeffrey Lee Bonga,

    Plaintiff,

v.

    Case No. 16-13685
    District Judge Sean F. Cox
    Magistrate Judge Anthony P. Patti

Badawi Abdellatif, M.D., *et. al.*,

    Defendants.

_____/

**ORDER: (1) GRANTING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. # 45); and (2) ADOPTING AND ACCEPTING REPORT & RECOMMENDATION IN PART AND RETURNING MATTER TO MAGISTRATE JUDGE IN PART (Doc. # 33)**

Plaintiff Jeffrey Lee Bonga ("Plaintiff"), a prisoner confined in the Michigan Department of Corrections St. Louis Correctional Facility, filed a *pro se* complaint against a number of defendants, seeking declaratory, injunctive, compensatory, and punitive relief. (Doc. # 1). All pretrial matters in this case were referred to Magistrate Judge Anthony P. Patti for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. # 9).

Plaintiff filed two motions for preliminary injunctions in this case. (Docs. # 3, 30). In his first motion, Plaintiff asks the Court to order Defendants to approve and dispense certain medications to Plaintiff for treatment of his alleged medical needs. Plaintiff's second motion seeks the return of Plaintiff's "legal material" that was allegedly confiscated by Defendants. On May 10, 2017, Magistrate Judge Patti issued a Report and Recommendation ("R&R") as to Plaintiff's motions. (Doc. # 33, R&R). Magistrate Judge Patti's R&R recommends that the Court deny Plaintiff's motions without prejudice.

On June 6, 2017, this Court entered an Order Adopting Magistrate Judge Patti's R&R,

1

noting that Plaintiff had not filed an objection to the R&R within the time permitted by Federal Rule of Civil Procedure 72.  (Doc. # 40).

Plaintiff filed objections to the R&R on June 7, 2017.  (Doc. # 42, Pl.'s Objs.").  On June 16, 2017, Plaintiff also filed a Motion for Reconsideration of this Court's Order Adopting Magistrate Judge Patti's R&R.  (Doc. # 45).  In it, Plaintiff states that he "gave proper prison authorities his Objections to the Magistrate's Report and Recommendations" within the time specified by Rule 72 and asks the Court to consider his objections.  The Court shall **GRANT** Plaintiff's Motion for Reconsideration.

Currently before the Court are Plaintiff's Objections to Magistrate Judge Patti's R&R.  Plaintiff has lodged 6 objections to the R&R.  Defendants have not responded to Plaintiff's objections and the time to do so has passed.

For the reasons outlined below, the Court **ACCEPTS & ADOPTS the R&R IN PART and RETURNS to the Magistrate for further consideration IN PART**.  The Court adopts the R&R except to the extent that the R&R recommends that the Court deny without prejudice Plaintiff's first request for injunctive relief (Doc. # 3) as to Defendant Borgerding.   Because Defendant Borgerding has now appeared in this action, the Court shall RETURN this issue to Magistrate Judge Patti for further consideration.  The R&R is adopted in all other respects.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  Fed. R. Civ. P. 72(b)(2).  Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a

person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d).

Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

**Objection # 1**. Plaintiff first objects to Magistrate Judge Patti's assertion that Plaintiff brought the instant suit against six defendants. (Pl.'s Objs. at p. 1). Plaintiff argues that he recently filed an amended complaint, which names eight defendants. Plaintiff's objection is without merit. Simply put, Plaintiff disregards the fact that the Magistrate Judge's R&R was issued *before* Plaintiff filed an amended complaint. As such, the Court overrules Plaintiff's first objection.

**Objection # 2**. Next, Plaintiff objects to Magistrate Judge Patti's "assertion that the four defendants who have appeared are not represented by the Attorney General." (Pl.'s Objs. at p. 2). In making this objection, Plaintiff fails to point to a specific deficiency in the Magistrate Judge's R&R. In fact, Plaintiff appears to agree with the Magistrate Judge as to the very point he objects. (*See* Pl.'s Objs. at 2 (agreeing that these defendants are represented by private

counsel and that these defendants are not MDOC employees)). And to the extent that Plaintiff objects to the Magistrate Judge's failure to "order service upon the newly added Defendants," these defendants were added *after* Magistrate Judge Patti issued the R&R. As such, Plaintiff's second objection is overruled.

      **Objection # 3**. In his third objection, Plaintiff objects to Magistrate Judge Patti's "assertion that the only pending matters are Plaintiff's motions for injunctive relief." (Pl.'s Objs. at pp. 2-3). Plaintiff claims that he "also has pending before this Court Plaintiff's motion to amend complaint, with first amended complaint attached to motion and brief in support." (Pl.'s Objs. at p. 3). Plaintiff's third objection is without merit for the same reasons cited above: the motion to file amended complaint was filed *after* Magistrate Judge Patti issued his R&R. As such, Plaintiff's third objection is overruled.

      **Objection # 4**. In his fourth objection, Plaintiff argues that Magistrate Judge Patti "erred in his determination that Mr. Bonga's claims against Defendant Borgerding appear to relate to the events of September 2016." (Pl.'s Objs. at p. 5). After reviewing Plaintiff's original complaint–the operative complaint at the time the R&R was issued–the Court agrees with the Magistrate Judge's characterization of Plaintiff's claim against Defendant William C. Borgerding. As such, Plaintiff's fourth objection is overruled.

      **Objection # 5**. In his fifth objection, Plaintiff takes issue with Magistrate Judge Patti's recommendation that the Court deny Plaintiff's first motion for injunctive relief without prejudice. (Pl.'s Objs. at 6). Plaintiff claims that the "only reason Judge Patti recommends that Mr. Bonga's first motion for injunctive relied [sic] should be denied without prejudice is because Defendant Borgerding has yet to appear." (*Id.*).

In the R&R, Magistrate Judge Patti recommends that the Court deny without prejudice Plaintiff's request for relief as to Defendant Borgerding because, at the time that the R&R was issued, Borgerding had not yet appeared. The R&R specifically notes:

> Although Plaintiff is no longer incarcerated at the institutions which were the subject of the allegations within his complaint (LCF, MRF, LMF), he has convincingly argued that Defendant Borgerding – apparently of the MDOC's PMC – still has control over the injunctive, medical relief he seeks in his current location (SLF). *See Colvin*, 605,F.3d at 296. To be sure, for the purposes of this motion, the Court does not cast judgment on Plaintiff's claim that, "[i]f [his] L5 gets worse, paralysis may result[;]" nor does the Court take lightly Plaintiff's claim that Defendants have "purposefully ignored [his] pain and medical needs . . . ." (DE 3 at 6.) As Plaintiff aptly cites, "a prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6 th Cir. 1976) (footnote omitted). **Nonetheless, it appears that the relief Plaintiff seeks** – provision of certain prescriptions – **can only be accomplished by the MDOC or one of its agents. Moreover, Defendant Borgerding has yet to appear. At this time, it appearing that the only MDOC defendant in this case is Borgerding, who has yet to appear, the Court should deny Plaintiff's first motion for injunctive relief without prejudice**.

(R&R at Pg ID 172-73) (emphasis added).

As mentioned above, at the time Magistrate Judge Patti issued his R&R, Defendant Borgerding had not yet appeared in this action. However, since then, Borgerding has entered an appearance. As such, the circumstances have changed and Magistrate Patti's reasoning as to this issue is no longer applicable. The Court shall therefore **RETURN THIS ISSUE** to the Magistrate Judge for further consideration.

**Objection # 6.** In his last objection, Plaintiff does not point to any deficiency in the Magistrate Judge's R&R and instead appears to "withdraw" his second motion for preliminary injunction, claiming that it is now moot. As such, this objection is overruled.

## CONCLUSION & ORDER

For the foregoing reasons, the Court shall **ADOPT AND ACCEPT** the May 10, 2017 R&R **IN PART**.  Accordingly, Plaintiff's second Motion for Preliminary Injunction (Doc. # 30) is **DENIED**.  Moreover, Plaintiff's first Motion for Preliminary Injunction (Doc. # 3) is also **DENIED to the extent** that it seeks injunctive relief against Defendants Abdellatif, Jordan, Dominguez-Bem, Ploehm, and Ouellette.  However, the Court **RETURNS** this matter to the Magistrate Judge for consideration of Plaintiff's first request for injunctive relief (Doc. # 3) as to Defendant Borgerding.

**IT IS SO ORDERED.**

Dated:  July 21, 2017                                                          s/Sean F. Cox
                                                                                              Sean F. Cox
                                                                                              U. S. District Judge


I hereby certify that on July 21, 2017, the foregoing document was served on counsel of record via electronic means and upon Jeffrey Bonga via First Class mail at the address below:

Jeffrey Bonga 271635
ST. LOUIS CORRECTIONAL FACILITY
8585 N. CROSWELL ROAD
ST. LOUIS, MI 48880

                                                                                              s/J. McCoy
                                                                                              Case Manager

6