UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LEE BONGA,

       Plaintiff,                           Case No. 2:16-cv-13685
                                             District Judge Sean F. Cox
v.                                         Magistrate Judge Anthony P. Patti

BADAWI ABDELLATIF,
M.D., et al.,

       Defendants.
_____/

# OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 41)

**I.    OPINION**

    **A.    Background**

Plaintiff is currently in the custody of the Michigan Department of Corrections (MDOC) at St. Louis Correctional Facility (SRF). (DE 10.) On October 13, 2016, while housed at the MDOC's Alger Correctional Facility (LMF), Plaintiff filed the instant lawsuit, *pro se,* against six defendants: **(1-4)** Jordan, Dominguez-Bem, Ploehn, and Ouellette, each of Lakeland Correctional Facility (LCF); **(5)** Abdellatif of Macomb Correctional Facility (MRF) and **(6)** Borgerding, whose location was not provided. (DE 1 ¶¶ 8-13; *see also* DE 11, DE 17.)

1

Each of these defendants has appeared. Defendants Dominguez-Bem, Ouellette, and Ploehn ("Corizon Defendants") and State Defendant Borgerding have filed motions for summary judgment. (DEs 43, 52.) Defendant Jordan has filed a motion to dismiss. (DE 56.) Finally, although counsel has already entered appearances on behalf of Defendant Abdellatif (*see* DEs 11, 12, 15), the Court anticipates it will receive a responsive pleading from this Defendant once the Court rules upon the Corizon Defendants' currently pending, procedurally-based motion for summary judgment. (*See* June 20, 2017 text-only order.)

### B. Motions for Appointment of Counsel

Currently before the Court is Plaintiff's June 7, 2017 verified motion for appointment of counsel. (DE 41.) As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers

2

for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

C. **Analysis**

Plaintiff argues that the factual complexity of his case, his ability to investigate, the existence of conflicting testimony, his ability to present his claims, the complexity of the legal issues, and the merits of the case are factors that weigh in his favor. (DE 41 at 7-9.) In particular, the Court recognizes Plaintiff's assertions that he is "unable to identify, locate, and interview" the responsible medical providers, it will be legally complex to determine "which defendants were personally involved . . . [,]" and his case has "survived initial screening . . . [.]" (DE 41 ¶¶ 2, 5, 6); however, such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances.

Notwithstanding Plaintiff's arguments, the Court has been able to understand the relief sought in the instant motion (DE 41), and further notes that the Court granted the relief sought by the application to proceed *in forma pauperis* (DEs 2, 5) and the motion for reconsideration (DEs 45, 59). Also, at this time, the Court has no reason to believe it will be unable to understand Plaintiff's other filings in this matter, such as: his complaint (DE 1), the remaining portion of his motion for injunctive relief (DE 3), his motion to amend (DE 36), the simultaneously-filed proposed amended complaint (DE 37), or his responses / sur-reply to the pending dispositive motions (DE 50, 60, 62, 63). In short, he appears

to have the ability to represent himself, commensurate with similarly situated *pro se* plaintiffs. *Finally*, the pending motions for summary judgment and the motion to dismiss, which will be addressed under separate cover, are based in some cases upon procedural or threshold-type issues, such as exhaustion, Eleventh Amendment immunity, and statute of limitations. (*See* DE 43 at 13-15, DE 52 at 9-22, DE 56 at 12-18). These are no more factually or legally complex issues than in any other prisoner civil rights case.

## II. ORDER

Upon consideration, Plaintiff's motion for appointment of counsel (DE 41) is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his request if this case survives dispositive motion practice or if other circumstances warranting the appointment of counsel arise.

Dated: November 1, 2017
s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on November 2, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti