UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LEE BONGA,

       Plaintiff,

v.

BADAWI ABDELLATIF,
M.D., et al.,

       Defendants.
_____/

Case No. 2:16-cv-13685
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND COMPLAINT (DE 36) and STRIKING PROPOSED AMENDED COMPLAINT (DE 37)

**I.   OPINION**

    **A.   The alleged events of 2009 through September 2016 concerning six defendants.**

Plaintiff Jeffrey Lee Bonga (#271635) is currently incarcerated at the Michigan Department of Corrections (MDOC) St. Louis Correctional Facility (SLF). (DE 26 at 4.) On October 13, 2016, while incarcerated at the MDOC's Alger Correctional Facility (LMF) in Michigan's upper peninsula, Plaintiff filed the instant lawsuit, *pro se,* against six defendants: **(1-4)** Kenneth Jordan, Victor Dominguez-Bem, M.D., Kyle Ploehn, P.A., and Margaret Ouellette, P.A., each of Lakeland Correctional Facility (LCF); **(5)** Badawi Abdellatif, M.D., of Macomb Correctional Facility (MRF) and **(6)** William C. Borgerding, whose location is not

1

provided. (DE 1 ¶¶ 8-13; *see also* DE 11, DE 17.) The alleged events begin in 2009 – continue through his March 2015 transfer from LCF to MRF, through his May 2016 transfer to Muskegon Correctional Facility (MCF), and through his July 2016 transfer to LMF – and conclude in September 2016. (DE 1 ¶¶ 20-38.)

According to Plaintiff, Harish Rawal, M.D. performed a "cervical 5 through 7 anterior fusion" on April 24, 2012. (DE 1 ¶ 24.) Plaintiff's claims against Defendants Jordan, Ploehn, Ouellette and Dominguez-Bem appear to relate to treatment for Plaintiff's back pain at LCF between February 2013 and February 2015. (DE 1 ¶ 26.) Plaintiff's claims against Defendant Abdellatif appear to relate to the events between March and August 2015 at MRF. (DE 1 ¶¶ 28-29.) Finally, Plaintiff's claims against Defendant Borgerding appear to relate to the events of September 2016, while Plaintiff was incarcerated at LMF. (DE 1 ¶ 38). Plaintiff sues Defendants in their individual and official capacities, alleging "denial of medical care." (DE 1 ¶¶ 14-19, 39-46.) He seeks declaratory, injunctive, compensatory and punitive relief. (DE 1 at 13.)

**B.    There are multiple pending motions, one of which seeks to amend the original complaint.**

Judge Cox has referred this case to me for all pretrial proceedings. (DE 9.) Currently before the Court are several motions:

- the remainder of Plaintiff's October 13, 2016 motion for preliminary injunction (DE 3) following the Court's order

adopting and accepting my report & recommendation in part and returning the matter to me in part (DE 33, DE 59)

- Plaintiff's motion to amend complaint (DE 36), along with the simultaneously-filed proposed first amended complaint (DE 37)

- Defendants Dominguez-Bem, Ouellette, and Ploehn's motion for summary judgment based solely on the failure to exhaust administrative remedies (DE 43), regarding which a response and a reply have been filed (DEs 50, 54, 62)

- Defendant Borgerding's motion for summary judgment (DE 52), which has been fully briefed (DEs 53, 60, 61)

- Defendant Jordan's motion to dismiss and/or for summary judgment (DE 56), which has been fully briefed (DEs 57, 58, 63, 64)

This report addresses Plaintiff's motion to amend.

### C. Fed. R. Civ. P. 15 ("Amended and Supplemental Pleadings")

Plaintiff brings his motion to amend pursuant to Fed. R. Civ. P. 15(a). This rule permits amending a pleading once as a matter of course within "**(A)** 21 days after serving it, or **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(b).

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(b). As the Supreme Court has explained:

3

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir.1993)). "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 421.

### D. Plaintiff's motion to amend his original complaint is denied without prejudice.

To be sure, Plaintiff's motion is unopposed, as no existing Defendant has responded to Plaintiff's May 26, 2017 motion to amend. E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and

4

supporting documents then available."). In fact, Borgerding's motion for summary judgment and Jordan's motion to dismiss each acknowledge the amended complaint. (*See* DE 52 at 7, 8, 19 and DE 56 at 2 ¶ 2.) Nonetheless, for the reasons stated below, Plaintiff's motion to amend his original complaint will be denied without prejudice.

> **1.** **Plaintiff's proposed claims against the two new, proposed Defendants are, in Plaintiff's own words, unexhausted and, therefore, are futile.**

Plaintiff's motion to amend his complaint seeks to add SLF grievance coordinator K. Parsons and SLF Hearings Investigator L. Scott as defendants sued in their individual and official capacities. (DE 36 at 3-9, DE 37 ¶¶ 18-19, 26-27.) Relatedly, he seeks to add several factual allegations – many of which post-date the factual allegations in the original complaint - regarding his legal and/or personal property.[1] (*See* DE 36 ¶¶ 41, 48-50, 58-67.)[2] He also includes corresponding "claims for relief," alleging that Scott failed to provide him with an

---

[1] Plaintiff's legal materials were a subject of his May 1, 2017 motion for preliminary injunction, regarding which I entered a report and recommendation. (DE 30, DE 33 at 10-12). The Court denied the motion without prejudice on June 6, 2017. (DE 40.)

[2] For example, in one instance he provides backdrop on June 28 or 29, 2016, which falls within the factual allegations in the original complaint. (DE 37 ¶ 41.) However, these same allegations primarily post-date the factual allegations in the original complaint, as they span the period from October 11, 2016 (when he was placed in segregation at LMF), continue through his November 29, 2016 transfer to SLF, and conclude with a May 17, 2017 visit to an SLF Nurse for "extreme pain ever since he was forced to pick up his legal footlocker." (DE 37 ¶¶ 48-50, 58-67.)

5

administrative hearing - which seems to have been the subject of Grievance Identifier SLF-17-03-0283-07e - and withheld his legal property for 168 days, and further alleging that Parsons failed to give Plaintiff his legal property. (DE 37 ¶¶ 91-93, 64.)

### a. Exhaustion of available administrative remedies

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the Supreme Court has instructed, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

The MDOC's Policy Directive regarding Prisoner/Parolee Grievances describes a grievance process that includes an attempt at resolution, followed by three written steps. MDOC PD 03.02.130 ¶¶ P-GG (effective July 9, 2007). Among other things, when filing a written grievance, "[i]nformation provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how)[,]" and "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id*. ¶ R. This policy directed is

intended to provide prisoners and parolees with "with an effective method of seeking redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement." *Id.* (Policy Statement).

> **b.** **Plaintiff admits he has failed to exhaust his proposed claims against Parsons and Scott.**

To be sure, "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Still, "[t]here is . . . no reason to suppose that the normal pleading rules have to be altered to facilitate judicial screening of complaints specifically for failure to exhaust." *Jones*, 549 U.S. at 214. In other words, even though failure to exhaust is an affirmative defense, the Court is not prevented from screening a complaint under 28 U.S.C. § 1915A, which permits dismissal of a complaint, or any portion thereof, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). *Spaulding v. Oakland Cty. Jail Med. Staff*, No. CIV. 4:07-CV-12727, 2007 WL 2336216, at *1 (E.D. Mich. Aug. 15, 2007) ("Although a plaintiff's complaint cannot be dismissed *sua sponte* merely for failing to plead and prove exhaustion within the text of the complaint because the issue of exhaustion is an affirmative defense under the PLRA, a plaintiff's complaint can be dismissed *sua sponte* if the complaint on its face fails to state a claim upon which relief can be granted.") (citing *Jones*.)

7

Here, it is not necessary to consider whether any of Plaintiff's proposed claims against these proposed Defendants are futile on their merits.[3] This is so, because the proposed amendments involving Defendants Parsons and Scott and the claims against them present a clear procedural problem, as Plaintiff's first amended complaint *admits* that he has yet to exhaust his administrative remedies as to either Parsons or Scott:

- Mr. Bonga has exhausted his administrative remedies with respect to all claims and all Defendants, *except* HI Scott, and GC K. Parsons.

- At the time of this filing, Mr. Bonga *is in the process of exhausting* his administrative remedies with respect to Defendants Scott and Parson, Plaintiff is *currently awaiting* his Step II Grievance Response from the SLF Warden. It is impor[t]ant to note that Mr. Bonga has filed a preliminary junction in regards to Defendants Scott and Parson for retaliation and illegal confiscation of his legal property and the return of said property.

- Mr. Bonga had Assistant Resident Unit Manager Hogan give him access to his excessive legal property so that he could gain possession of said property and place the three footlockers in his cell. Mr. Bonga is *still actively going through the grievance*

---

[3] For example, Plaintiff alleges that L. Scott failed to respond Plaintiff's March 2, 2017 kite, which was an attempt to obtain his legal property prior to the March 20, 2017 deadline set by this Court's February 21, 2017 order. (DE 37 ¶ 58.) Plaintiff also alleges that K. Parsons denied his Step I grievance on or about May 11, 2017, and, as such, he was "without all his legal material for 168 days for no other reason than to retaliate against him for filing the instant civil rights complaint." (DE 37 at ¶¶ 65, 66.) However, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)).

> *process* in order to fully exhaust his remedies in regards to his claims of illegal confiscation of his legal property and retaliation by Defendants Parsons and Scott.
>
> - It is also important to note that Mr. Bonga did not have to exhaust his administrative remedies in regards to this legal property and retaliation in order for him to file preliminary injunction for defendants to ceas[e] their unconstitutional actions.(Dkt# 30)

(DE 37 ¶¶ 81-84) (emphases added).

"The plain language of the statute makes exhaustion a *precondition* to filing an action in federal court . . . ." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (external citations omitted) (emphasis added). Here, it is clear from the face of Plaintiff's proposed first amended complaint that permitting the wished-for claims against Parsons and Scott would be futile, as he admits he has not yet satisfied the requisite precondition. *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 774 (E.D. Mich. 2009) (Borman, J., adopting amended report and recommendation of Hluchianiuk, M.J.) ("The undersigned suggests that these paragraphs fail to state a claim because it is obvious on their face that they are unexhausted."); *Spaulding*, 2007 WL 2336216, at *3 ("By Plaintiff's own admission on the face of the complaint, Plaintiff failed to properly exhaust his administrative remedies in accordance with the Oakland County Jail grievance policy.").[4] Therefore,

---

[4] *See also Buffman v. Moody*, No. 14-CV-12577, 2016 WL 3382196, at *3 (E.D. Mich. June 20, 2016) (Levy, J.) ("The Court agrees with Judge Patti that if the initial filing is construed as a complaint, any amendment would be futile because

9

"because the affirmative defense appears on the face of the pleadings and suffices to establish the existence of the defense, . . . Plaintiff's complaint is subject to *sua sponte* dismissal for failure to state a claim." *Spaulding*, 2007 WL 2336216, at *3.

It being obvious from the face of Plaintiff's proposed first amended complaint that his claims against the newly proposed Defendants Scott and Parson have yet to be exhausted as required by 42 U.S.C. § 1997e(a), and such exhaustion being required *before* a complaint is filed, Plaintiff has failed "to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii), 42 U.S.C. § 1997e(c).

> 2. **Plaintiff's proposed first amended complaint also seeks to elaborate upon the factual allegations underlying his original complaint.**

Preliminarily, I note that Plaintiff's proposed first amended complaint seeks to add information about *previous* lawsuits. (DE 36 at 3-4, DE 37 ¶¶ 1-5.) These are *permissible* amendments, as these paragraphs simply inform the Court about Plaintiff's litigation history; however, they may not actually be *necessary*, since federal courts only require "notice pleading," *i.e.*, a "a short and plain statement of the claim" which provides enough information to give the defendants notice of what is being claimed against them, so that they can fairly respond. Fed.

---

plaintiff failed to properly exhaust his administrative remedies, which he was required to do before filing suit in federal court.") (citing 42 U.S.C. § 1997e(a)).

R. Civ. P. 8(a)(2). *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512-514 (2002). In addition, Plaintiff's proposed first amended complaint seeks to add allegations regarding examinations with existing LCF Defendants Jordan, Dominquez-Bem, Ouellette and Ploehn which allegedly occurred on dates *within* the factual allegations underlying the original complaint. (DE 36 at 7-8; DE 37 ¶¶ 74-80.) These, too, are permissible amendments, as these paragraphs do not expand the scope of the case; instead, they elaborate on matters discussed in the original complaint. (*Compare, e.g.*, DE 1 ¶¶ 26, 44; DE 37 ¶¶ 73-78.)

As such, after considering whether it is actually necessary to do so, Plaintiff may amend his complaint with respect to the allegations analyzed in this particular section of my opinion, whether as a matter of course under Fed. R. Civ. P. 15(a)(1) or with the Court's leave under Rule 15(a)(2).

> **3. It is unclear against whom Plaintiff brings his proposed claims about denial of medication at SLF during March 2017.**

Among the allegations Plaintiff seeks to add are several which occurred on dates *following* the factual allegations underlying the original complaint. In sum, Plaintiff alleges that Dr. Harish Rawal of Allegiance Hospital performed a laminectomy during January 2017, in the wake of which Plaintiff "went thirty days without his vital medication[,]" while incarcerated at SLF. (DE 36 at 4-5; DE 37 ¶¶ 51-57.) It is not clear against whom these allegations are brought. This is

11

complicated by the fact that there does not seem to be an existing SLF defendant in this case. (DE 1 ¶¶ 8-13.) Also, even if Plaintiff had exhausted his claims against proposed Defendants Scott and Parsons of SLF, it is not clear how the allegations that they were involved in a 168-day deprivation of Plaintiff's legal property relate to the alleged 30-day deprivation of medication. (DE 37 ¶¶ 18-19, 65, 91, 92.) Perhaps proposed ¶¶ 51-57 were inserted simply to "connect the dots" between the April 2012 and January 2017 surgeries performed by Dr. Rawal and to elaborate upon his claims against the existing defendants. (*See* DE 1 ¶¶ 24, 45-46; DE 37 ¶¶ 32, 79-80). Whatever the case may be, given the current lack of clarity in these allegations, they do not "state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6) and will not be permitted as currently proposed.

## II. ORDER

Accordingly, Plaintiff's motion to amend his complaint (DE 36) is **DENIED WITHOUT PREJUDICE,** and the Clerk of the Court is **DIRECTED** to strike the proposed amended complaint (DE 37). Should Plaintiff elect to renew his motion to amend, subject to the foregoing discussion, he is hereby advised to comply with E.D. Mich. LR 15.1 ("Form of a Motion to Amend and Its Supporting Documentation").

Dated: December 11, 2017        s/Anthony P. Patti  
                                                           Anthony P. Patti  
                                                           UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on December 11, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
