UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jeffrey Lee Bonga,

    Plaintiff,

v.                                                    Case No. 16-13685

Badawi Abdellatif, M.D., *et al.*,         Sean F. Cox
                                                          United States District Court Judge

    Defendants.

_____/

## ORDER
## SETTING ASIDE DOCKET ENTRY NO. 70

Acting *pro se*, on October 13, 2016, Plaintiff Jeffrey Lee Bonga filed this action against six different defendants. Defendants one through four, Kenneth Jordan, Victor Dominguez-Bem, M.D., Kyle Ploehn, P.A., and Margarent Ouellette, P.A., are with the Lakeland Correctional Facility ("LCF"). Defendant Badawi Abdellatif, M.D. is with the Macomb Correctional Facility ("MCF"). Plaintiff also sued William C. Borgerding, whose location was not provided.

Notably, Plaintiff has been allowed to proceed in this action without prepaying the filing fee, as permitted by 28 U.S.C. § 1915(a)(1). (*See* D.E. No. 5)

The matter was assigned to Magistrate Judge Anthony Patti for all pretrial proceedings. (Docket Entry No. 9).

The matter recently came before the magistrate judge on several motions filed by the parties.

On May 26, 2017, Plaintiff filed: 1) a motion seeking leave to file an amended complaint (D.E. No. 36); and 2) an actual "First Amended Complaint." (D.E. No. 37). At that time, none

1

of the Defendants had filed a responsive pleading.

In an Opinion & Order issued on December 11, 2017 (D.E. No. 70), the magistrate judge denied without prejudice Plaintiff's Motion to Amend and also struck Docket Entry Number 37, the First Amended Complaint that Plaintiff had filed on May 26, 2017. In that Opinion & Order, the magistrate judge denied Plaintiff's motion seeking leave to amend without prejudice. He noted that no Defendant had filed a brief opposing Plaintiff's motion seeking leave to amend. (R&R at 4). The magistrate judge, however, concluded the claims that Plaintiff sought to add were unexhausted and, therefore, were futile. (R&R at 5-10).

Plaintiff filed pro se objections to that Opinion & Order. (D.E. No. 76). In those objections, Plaintiff asserts that the magistrate judge erred because, under Fed. R. Civ. P. 15(a), Plaintiff had "an absolute right to file his first amended complaint." (*Id*. at 3). Plaintiff notes that no responsive pleading had been filed by any of the Defendants before he filed his First Amended Complaint on May 26, 2017. Plaintiff therefore asserts that, under Rule 15(a), he was not required to seek leave prior to filing his First Amended Complaint. (*Id.* at 4).

Plaintiff's objection is well-taken.

"Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1); *see Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000) (noting that Rule 15(a) 'gives plaintiffs an absolute right to amend their complaint one time before a responsive pleading is served.')." *Broyles v. Correctional Med. Svs.,* Inc., 2009 WL 3154241 (6th Cir. 2009).

In *Broyles*, the district court struck an amended complaint filed by the pro se plaintiff, over his objections. The district court did so because it concluded that the amendment would be

2

futile. The Sixth Circuit reversed, concluding that the district court erred in striking the amended complaint and remanded with instructions to allow the amended complaint. As the Sixth Circuit explained in that case:

> [T]his Court has noted that Rule 15(a) gives plaintiffs an "absolute right" to amend a complaint before a responsive pleading is served, *Pertuso,* 233 F.3d at 421, and has emphasized that "Rule 15 plainly embodies a liberal amendment policy," *Morse v. McWhorter,* 290 F.3d 795, 800 (6th Cir. 2002). Therefore, Rule 15(a) permits a plaintiff to file an amended complaint, without seeking leave from the court, at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course ... before being served with a responsive pleading...."). Accordingly, we conclude that the district court abused its discretion in striking the amended complaint for failure to seek leave from the court.
>
> The district court also abused its discretion in determining that it could reject the amended complaint on the basis that the amendment would be futile. If a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Although the rule states that a court "should freely give leave when justice so requires," courts have established that a "district court may deny a plaintiff leave to amend his or her complaint ... when the proposed amendment would be futile." *Kottmyer v. Maas,* 436 F.3d 684, 692 (6th Cir. 2006). However, *because Broyles was not required to seek leave, the fact that the amendment would be futile did not provide a basis for the district court to strike Broyles' amended complaint.* Accordingly, the district court erred in striking Broyles' amended complaint.

*Broyles, supra*, at *3-4 (emphasis added).

"After the amended complaint was reinstated, the district court reviewed it in accordance with" the court's screening obligations under "28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c) to determine if it was frivolous, malicious, or failed to state a claim upon which relief can be granted." *Broyles v. Correctional Med. Svs., Inc.*, 478 F. App'x 971, 974 (6th Cir. 2012). The district court then dismissed the amended complaint for failure to state a claim and the Sixth Circuit ultimately affirmed that ruling. *Id.*

3

Here, the First Amended Complaint that Plaintiff filed on May 26, 2017 as Docket Entry Number 37 is the first amended complaint filed by Plaintiff.  At the time it was filed, no Defendant had filed a responsive pleading.  As such, Plaintiff had an absolute right to file that amended complaint, and did not need to seek leave to file it.  This Court concludes that the magistrate therefore erred in striking Plaintiff's First Amended Complaint.

The Court therefore **SETS ASIDE** the magistrate judge's Opinion & Order that struck Plaintiff's First Amended Complaint (D.E. No. 70) and **INSTRUCTS the Clerk to reinstate on the docket** the First Amended Complaint previously-filed by Plaintiff as Docket Entry Number 37.  After that has been done, the magistrate judge may then review the new claims set forth in Plaintiff's First Amended Complaint, in light of the screening obligations under applicable statutes.

**IT IS SO ORDERED**.

Dated:  March 8, 2018
s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on March 8, 2018, the foregoing document was served on counsel of record via electronic means and upon Jeffrey Bonga via First Class mail at the address below:

Jeffrey Bonga 271635
EARNEST C. BROOKS CORRECTIONAL FACILITY
2500 S. SHERIDAN DRIVE
MUSKEGON HEIGHTS, MI 49444

s/J. McCoy
Case Manager