UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jeffrey Lee Bonga,

    Plaintiff,

v.                                          Case No. 16-13685

Badawi Abdellatif, M.D., *et al.*,        Sean F. Cox
                                              United States District Court Judge

    Defendants.
_____/

## ORDER ADDRESSING OBJECTIONS TO THREE REPORTS AND RECOMMENDATIONS ISSUED BY MAGISTRATE JUDGE

Acting *pro se*, on October 13, 2016, Plaintiff Jeffrey Lee Bonga filed this action against six different defendants. Defendants one through four, Kenneth Jordan, Victor Dominguez-Bem, M.D., Kyle Ploehn, P.A., and Margaret Ouellette, P.A., are with the Lakeland Correctional Facility ("LCF"). Defendant Badawi Abdellatif, M.D. is with the Macomb Correctional Facility ("MCF"). Plaintiff also sued William C. Borgerding, whose location was not provided.

The matter was assigned to Magistrate Judge Anthony Patti for all pretrial proceedings. (Docket Entry No. 9). The matter recently came before the magistrate judge on several motions filed by the parties.

In a recent order, this Court ruled that Plaintiff had an absolute right to file the First Amended Complaint he filed on May 26, 2017. Plaintiff's First Amended Complaint added SLF grievance coordinator K. Parsons and SLF Hearings Investigator L. Scott as Defendants sued in their individual and official capacities, and corresponding claims for relief as to those new Defendants.

1

Meanwhile, Magistrate Judge Patti issued three Reports and Recommendations pertaining to pending motions in this case. This Order addresses Plaintiff's objections to those Reports & Recommendations ("R&Rs").

**1. R&R Recommending That Claims Against Defendant Jordan Be Dismissed With Prejudice**

In an R&R issued on December 11, 2017 (D.E. No. 71), Magistrate Judge Patti addressed Defendant Jordan's Motion to Dismiss. As explained in the R&R, the magistrate judge concludes that: 1) Plaintiff's claims against Defendant Jordan are barred by the applicable statute of limitations; 2) the continuing violations doctrine does not preserve Plaintiff's claims against Defendant Jordan; and 3) *Ellis v. Vadlamudi*, 568 F.Supp.2d 7778 (E.D. Mich. 2008) does not help Plaintiff's cause. The magistrate judge recommends that the Court grant this motion and dismiss all claims against Defendant Jordan with prejudice.

Plaintiff filed objections to that R&R on January 8, 2018 (D.E. No. 75). In objecting to the R&R, Plaintiff does not contest that a three-year limitations period applies. Rather, Plaintiff objects to the magistrate judge's conclusion that his claims against Defendant Jordan accrued at the latest on May 15, 2013. Plaintiff faults the magistrate judge for not applying the continuing violations doctrine, in light of *Ellis v. Vadlamudi*. In sum, his objections re-state the arguments he made in opposing Defendant Jordan's motion.

Defendant Jordan responded to the objections (D.E. No. 78), arguing that the magistrate judge correctly determined that the continuing violations doctrine does not preserve his claims against Jordan because "Plaintiff was aware of every element of his potential claim against Dr. Jordan as of the last date he had contact with Dr. Jordan, May 13, 2013." (*Id*. at 2).

The Court concludes that the magistrate judge properly analyzed these issues and concurs

with his conclusion that Plaintiff's claims against Defendant Jordan are time-barred. As such, the Court shall adopt this R&R and shall dismiss the claims against Defendant Jordan with prejudice.

**2.     R&R Recommending That Claims Against The LCF Defendants Be Dismissed For Failure To Exhaust**

In an R&R issued on December 11, 2017 (D.E. No. 72), Magistrate Judge Patti addressed the motion for summary judgment filed by LCF Defendants Dominguez-Bem, Ouellette, and Ploehn. In that R&R, the magistrate judge recommends that this Court grant this motion for failure to exhaust claims and dismiss the claims against these Defendants.

Plaintiff's objections to the R&R were due on December 25, 2017. This Court granted a request by Plaintiff for a 21-day extension of time to file objections to this R&R. (D.E. No. 77). But Plaintiff did not draft any objections to this R&R until February 20, 2018. (D.E. No. 85, Objections filed on February 26, 2018, that were signed and dated by Plaintiff on February 20, 2018). As such, Plaintiff's objections to this R&R are untimely. Moreover, the Court concurs with the magistrate judge's analysis and conclusions in this R&R in any event.

Accordingly, the Court shall adopt this R&R and shall dismiss the claims against these Defendants.

**3.     R&R Recommending That Defendant Borgerding's Motion For Summary Judgment Be Granted And Remaining Requests For Injunctive Relief Be Denied**

In an R&R issued on December 11, 2017 (D.E. No. 73), Magistrate Judge Patti recommends that the Court: 1) grant Defendant Borgerding's Motion for Summary Judgment and dismiss Plaintiff's claims against him; and 2) deny the remaining portions of Plaintiff's motion for injunctive relief.

3

The extended time for filing objections to this R&R has expired and the docket reflects that neither party has filed objections to the R&R. Accordingly, the Court shall adopt this R&R and shall grant summary judgment in favor of Defendant Borgerding and shall deny the remaining portions of Plaintiff's pending motion for injunctive relief.

## CONCLUSION & ORDER

**IT IS ORDERED** that the Court **ADOPTS** the December 11, 2017 R&Rs (D.E. Nos. 71, 72, 73) and **ORDERS** that:

1) Defendant Jordan's Motion to Dismiss is **GRANTED** and the claims against Defendant Jordan are **DISMISSED WITH PREJUDICE**;

2) the Motion for Summary Judgment brought by Defendants Dominguez-Bem, Ouellette, and Ploehn is granted, based solely on the failure to exhaust administrative remedies, and the claims against Defendants Dominguez-Bem, Ploehn, and Ouellette are **DISMISSED** for failure to exhaust administrative remedies; and

3) the Court **GRANTS** Defendant Borgerding's Motion for Summary Judgment and all claims against him are **DISMISSED** for failure to exhaust administrative remedies; and

4) the Court **DENIES** the remaining portion of Plaintiff's Motion for Injunctive Relief (D.E. No. 3).

**IT IS SO ORDERED**.

Dated: March 14, 2018                        s/Sean F. Cox
                                                           Sean F. Cox
                                                           U. S. District Judge

I hereby certify that on March 14, 2018, the foregoing document was served on counsel of record

via electronic means and upon Jeffrey Lee Bonga via First Class mail at the address below:

Jeffrey Bonga
271635
EARNEST C. BROOKS CORRECTIONAL FACILITY
2500 S. SHERIDAN DRIVE
MUSKEGON HEIGHTS, MI 49444

                                                          s/J. McCoy
                                                          Case Manager