UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LEE BONGA,

       Plaintiff,                     Case No. 2:16-cv-13685
                                        District Judge Sean F. Cox
v.                                          Magistrate Judge Anthony P. Patti

BADAWI ABDELLATIF, *et al.*,

       Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S MAY 26, 2017 CLAIMS AGAINST DEFENDANTS PARSONS AND SCOTT

**I.     RECOMMENDATION:** The Court should dismiss Plaintiff's May 26, 2017 claims against Defendants Parsons and Scott as futile for failure "to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A(b)(1), 42 U.S.C. § 1997e.

**II.    REPORT**

    **A.     Plaintiff's Original and Amended Complaints**

Plaintiff Jeffrey Lee Bonga (#271635) is currently incarcerated at the Michigan Department of Corrections (MDOC) Earnest C. Brooks Correctional Facility (LRF). (DE 84.) On October 13, 2016, while incarcerated at the MDOC's Alger Correctional Facility (LMF) in Michigan's upper peninsula, Plaintiff filed the instant lawsuit, *pro se,* against six defendants: **(1-4)** Kenneth Jordan, Victor

1

Dominguez-Bem, M.D., Kyle Ploehn, P.A., and Margaret Ouellette, P.A., each of Lakeland Correctional Facility (LCF); **(5)** Badawi Abdellatif, M.D., of Macomb Correctional Facility (MRF) and **(6)** William C. Borgerding, whose location is not provided.  (DE 1 ¶¶ 8-13; *see also* DE 11, DE 17.)  Plaintiff's May 26, 2017 first amended complaint includes these six Defendants and adds two Defendants, each from St. Louis Correctional Facility (SLF):  **(7)** K. Parsons; and, **(8)** L. Scott.  (DE 37 ¶¶ 12-19.)

Judge Cox has referred this case to me for all pretrial proceedings.  (DE 9.)

### B. Plaintiff's Amended Complaint is the Operative Pleading.

#### 1. The Undersigned's December 11, 2017 order directed the Clerk to strike Plaintiff's May 26, 2017 first amended complaint.

On May 26, 2017, Plaintiff filed a motion to amend his complaint and a separate "first amended complaint."  (DEs 36, 37).  In my December 11, 2017 opinion and order denying without prejudice Plaintiff's motion to amend his original complaint, I noted that:

- Plaintiff's proposed claims against the two new, proposed Defendants were, in Plaintiff's own words, unexhausted and, therefore, futile.  In so doing, I specifically noted Plaintiff's admission that he had failed to exhaust his proposed claims against Parsons and Scott.

- Plaintiff's proposed first amended complaint also sought to elaborate upon the factual allegations underlying his original complaint.

2

- It was unclear against whom Plaintiff brought his proposed claims about denial of medication at SLF during March 2017.

(DE 70 at 5-12.) Accordingly, Plaintiff's motion to amend was denied without prejudice and the Clerk of the Court was directed to strike the proposed amended complaint. (DE 70 at 12.)

### 2. The Court's March 8, 2018 order set aside the December 11, 2017 order and reinstated the May 26, 2017 first amended complaint, which listed eight Defendants.

Plaintiff sought and was granted an extension of time within which to object. (DEs 74, 77.) On January 10, 2018, Plaintiff filed two objections, which he phrased as follows:

- Plaintiff Objects to Magistrate Judge Patti's order that Plaintiff's motion to amend his original complaint be denied without prejudice.

- Plaintiff Objects to Magistrate Judge Patti's assertion that plaintiff's proposed claims against the two new, proposed Defendants are, in plaintiff's own words, unexhausted and, therefore, are futile.

(DE 76.)

On March 8, 2018, Judge Cox found Plaintiff's first objection to be well-taken. (DE 88 at 2.) Specifically, he noted that, at the time the May 26, 2017 amended complaint was filed, "no Defendant had filed a responsive pleading[;]" therefore, "Plaintiff had an absolute right to file that amended complaint, and did not need to seek leave to file it." (DE 88 at 4.) *See Broyles v. Correctional*

3

*Medical Services, Inc.*, *et al.*, Case No. 08-1638, 2009 WL 3154241 (6th Cir. Jan. 23, 2009) ("because Broyles was not required to seek leave, the fact that the amendment would be futile did not provide a basis for the district court to strike Broyles' amended complaint.")  Accordingly, Judge Cox entered an order setting aside my December 11, 2017 order and instructing the Clerk to reinstate Plaintiff's first amended complaint (DE 37).  (DE 88 at 4.)

### 3. The Court's March 14, 2018 order dismissed Plaintiff's claims against five Defendants.

At the same time I entered the above-described opinion and order striking Plaintiff's first amended complaint, I also entered reports and recommendations that the Court:

- grant Defendant Jordan's motion to dismiss pursuant to Fed. R. Civ. P. 12(c) and dismiss with prejudice Plaintiff's claims against this Defendant (*see* DE 71);

- grant Defendants Dominguez-Bem, Ouellette, and Ploehn's June 13, 2017 motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies (*see* DE 72); and,

- grant Defendant Borgerding's motion for summary judgment, dismiss Plaintiff's claims against this Defendant, and deny the remaining portion of Plaintiff's motion for injunctive relief (*see* DE 73).

Each of these reports and recommendations noted similarities and/or differences between the original and first amended complaints.  (*See* DE 71 at 6 n.2, DE 71 at 8; DE 72 at 6 n.2; and, DE 73 at 13; *see also* DE 70 at 11 (discussing elaboration

4

of claims against LCF Defendants Jordan, Dominquez-Bem, Ouellette and Ploehn).)

On March 14, 2018, approximately one week following its order reinstating the first amended complaint, the Court:  **(a)** dismissed with prejudice the claims against Defendant Jordan (DE 90 at 4 ¶ 1); **(b)** dismissed "the claims against Defendants Dominguez-Bem, Ploehn, and Ouellette . . . for failure to exhaust administrative remedies[,]" (DE 90 at 4 ¶ 2); and, **(c)** dismissed "all claims against [Defendant Borgerding] for failure to exhaust administrative remedies[,]" (DE 90 at 4 ¶ 3).

### C. The Court should dismiss Plaintiff's May 26, 2017 claims against Defendants Parsons and Scott.

In accordance with the Court's March 8, 2018 order, it is now appropriate to "review the new claims set forth in Plaintiff's First Amended Complaint, in light of the screening obligations under applicable statutes."  (DE 88 at 4.)  Plaintiff's first amended complaint alleges that SLF grievance coordinator K. Parsons and SLF Hearings Investigator L. Scott are sued in their individual and official capacities. (DE 37 ¶¶ 18-19, 26-27.)  Plaintiff also includes corresponding "claims of relief," alleging that Scott failed to provide him with an administrative hearing  - which seems to have been the subject of Grievance Identifier SLF-17-03-0283-07e  - and withheld his legal property for 168 days, and further alleging that Parsons failed to

5

give Plaintiff his legal property. (DE 37 ¶¶ 91-93, 64.) Yet, Plaintiff *admits* that he has yet to exhaust his administrative remedies as to either Parsons or Scott:

- Mr. Bonga has exhausted his administrative remedies with respect to all claims and all Defendants, *except* HI Scott, and GC K. Parsons.

- At the time of this filing, Mr. Bonga *is in the process of exhausting* his administrative remedies with respect to Defendants Scott and Parson[s], Plaintiff is *currently awaiting* his Step II Grievance Response from the SLF Warden. It is impor[t]ant to note that Mr. Bonga has filed a preliminary injunction in regards to Defendants Scott and Parson[s] for retaliation and illegal confiscation of his legal property and the return of said property.

- Mr. Bonga had Assistant Resident Unit Manager Hogan give him access to his excessive legal property so that he could gain possession of said property and place the three footlockers in his cell. Mr. Bonga is *still actively going through the grievance process* in order to fully exhaust his remedies in regards to his claims of illegal confiscation of his legal property and retaliation by Defendants Parsons and Scott.

- It is also important to note that Mr. Bonga did not have to exhaust his administrative remedies in regards to this legal property and retaliation in order for him to file preliminary injunction for defendants to ceas[e] their unconstitutional actions. (Dkt# 30)

(DE 37 ¶¶ 81-84) (emphases added). For the reasons set forth in my December 11, 2017 opinion and order, all of which are adopted by reference as if restated herein, Plaintiff's first amended complaint's claims against the two new Defendants are, in Plaintiff's own words, unexhausted and, therefore, are futile. (DE 70 at 5-10.) *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 774 (E.D. Mich. 2009) (Borman, J.,

6

*adopting amended report and recommendation of* Hluchianiuk, M.J.) ("The undersigned suggests that these paragraphs fail to state a claim because it is obvious on their face that they are unexhausted."); *Spaulding v. Oakland Cty. Jail Med. Staff*, Civil No. 4:07-CV-12727, 2007 WL 2336216, at *1, *3 (E.D. Mich. Aug. 15, 2007) (Gadola, J.) ("Although a plaintiff's complaint cannot be dismissed *sua sponte* merely for failing to plead and prove exhaustion within the text of the complaint because the issue of exhaustion is an affirmative defense under the PLRA, a plaintiff's complaint can be dismissed *sua sponte* if the complaint on its face fails to state a claim upon which relief can be granted. *** By Plaintiff's own admission on the face of the complaint, Plaintiff failed to properly exhaust his administrative remedies in accordance with the Oakland County Jail grievance policy.") (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). It being obvious from the face of Plaintiff's first amended complaint that his claims against new Defendants Scott and Parsons have yet to be exhausted as required by 42 U.S.C. § 1997e(a), and such exhaustion being required *before* a complaint is filed, Plaintiff has failed "to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii), 42 U.S.C. § 1997e(c). *See also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. Oct. 27, 1999) ("While we recognize that plaintiff made some attempts to go through the prison's grievance

procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed.").

Moreover, to whatever extent any remaining claims against these defendants might somehow survive an exhaustion analysis, they lack the clarity required by Fed. R. Civ. P. 8, which requires enough specificity for the defendants to understand the nature of the claims against them so that they can adequately defend themselves. Specifically, Plaintiff alleges that, in the wake of a laminectomy, he "went thirty days without his vital medication[,]" while incarcerated at SLF. (DE 36 at 4-5; DE 37 ¶¶ 51-57.) It is not clear against whom these allegations are brought. This is complicated by the fact that there does not seem to be an SLF defendant other than Scott or Parsons in this case. (DE 37 ¶¶ 12-19; *see also* DE 1 ¶ 10.) Further, even if Plaintiff had exhausted his claims against Defendants Scott and Parsons of SLF, it is not clear how the allegations that they were involved in a 168-day deprivation of Plaintiff's legal property relate to the alleged 30-day deprivation of medication. (DE 37 ¶¶ 18-19, 65, 91, 92.) Whatever the case may be, given the lack of clarity in these allegations, they do not "state a claim upon which relief can be granted[,]" Fed. R. Civ. P. 12(b)(6), and should not be permitted as pleaded.

### D. Conclusion

Accordingly, the Court should dismiss Plaintiff's May 26, 2017 claims against Defendants Parsons and Scott as futile for failure "to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A(b)(1), 42 U.S.C. § 1997e. The status of Plaintiff's May 26, 2017 first amended complaint as to the other remaining, active Defendant (Badawi Abdellatif) will be addressed under separate cover with respect to Defendant Abdellatif's pending, January 29, 2018 motion for summary judgment (DE 79), regarding which a sealed exhibit (DE 81), response (DE 87) and reply (DE 89) have been filed.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: July 2, 2018
s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on July 2, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti